**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **YURI COUTO** § | |
| § | |
| v.                                                            § | Civil Action No.23-CV-01389 |
| § | |
| **USAA FEDERAL SAVINGS BANK** § | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Yuri Couto sues USAA Federal Savings Bank, alleging on September 22, 2023, he electronically submitted a loan application to USAA FSB, asking for a loan of five hundred thousand dollars, with the interest rate unspecified. *Complaint ¶ 2*. USAA FSB rejected the loan application that same day. *Id. ¶ 3*.

Plaintiff claims that (1) the loan application constituted a negotiable instrument worth $500,000, (2) USAA FSB, by receipt of the electronic loan application, was unjustly enriched for the amount of the loan for which Plaintiff applied, (3) he seeks an injunction requiring USAA FSB to pay him immediately the loan amount plus finance charges, and (4) he demands a finance charge of 573,000 percent, resulting in a fill payment to him of $20,000,000,00 (twenty billion dollars), or, in the alternative, $500,000.

USAA FSB moves to dismiss. A loan application does not qualify as a negotiable instrument. Sending USAA FSB a loan application does not plausibly enrich USAA FSB. He has no right to an injunction to obtain money. The Court should order dismissal of this case.

## STANDARDS FOR DISMISSAL UNDER FEDERAL RULE 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id*.

## ANALYSIS

### I.  PLAINTIFF NEVER SUBMITTED A NEGOTIABLE INSTRUMENT TO USAA FSB

The entire theory underlying Plaintiff's claim – that is, that he submitted a loan application constituting a negotiable instrument, thereby enriching the bank -- makes no legal sense.

"A loan application [is] just that: an application, upon which no legal or financial obligations issued." *Discovery Land Co. LLC v. Berkley Ins. Co*., No. CV-20-01541-PHX-ROS, 2023 WL 2503634, at *12 (D. Ariz. Mar. 14, 2023). "It is clear that applications for credit are not negotiable instruments or documents with the same—or even similar—effect [as negotiable instruments]." *Id.* To qualify as a negotiable instrument, a document must be an unconditional promise to pay a fixed amount of money which (a) is payable to bearer, (b) is payable on demand or at a different time, and (3) does not state any other undertaking by the person promising or ordering payment." TEX. BUS. & COM. CODE § 3.1.04.

Here, Plaintiff admits he sent in an application to USAA FSB asking for a loan. *See Complaint ¶ 2*. As he describes the document, it was an application – not an unconditional promise to pay. *Id.* The loan application was not payable to anyone (much less the bearer) – it was a request for a loan, not a payment of money. *See id*. Indeed, the loan application had to be approved for it to have any theoretical value, and Plaintiff admits the loan was not approved. *Id.* ¶ 3. The loan application does not constitute a negotiable instrument, and accordingly, as a matter

2

of law, Plaintiff did not transfer anything of value to USAA FSB. *Discovery Land* at *12. Plaintiff's claim is not plausible. *Iqbal*, 556 U.S. at 678. The Court should dismiss. *Idi.*

## II. USAA FSB HAS NOT BEEN ENRICHED.

Plaintiff alleges, without any basis or explanation, that USAA FSB has been unjustly enriched by the fact that Plaintiff applied for a loan that USAA FSB rejected. *See Complaint*. Again, the claim is not plausible, and should be dismissed. *Iqbal*, 556 U.S. at 678.

### PRAYER

`The Court should dismiss pursuant to Federal Rule 12(b)(6).

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP

By: _/s/ Theodore Schultz_

Theodore C. Schultz
State Bar No. 00797393
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
tschultz@lsslaw.com

3

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Laredo Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice and a copy being served on all parties to the original State Court action on this, the 6th of December 2023.

By: _____
Theodore C. Schultz