Case 5:23-cv-01389-XR   Document 13   Filed 01/10/24   Page 1 of 9

FILED
January 10, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
                        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

YURI COUTO,

an individual,

                -against-

USAA Federal Savings Bank,

a Delaware corporation.

Case SA-23-CV-01389-XR

# Memorandum Affidavit in Support of Plaintiff's Motion to Strike Defendant's Pleadings and Challenge Authority of Alleged Agent

### Section A: Definitions

1. **Agreement** – It expresses nothing more than mutual assent; nothing more than the terms offer and acceptance. Arthur L. Corbin on Contracts, One Vol. Ed., Ch. 1 §9

2. **Agency** - An agency may be defined as **a contract either express or implied upon a consideration, or a gratuitous undertaking**, by which one of the parties confides to the other the **management of some business** to be transacting **in his name or on his account,** and by which that other **assumes to do business and render an account of it.**

    American Jurisprudence, Vol. 2, Agency

3. **Bank** - **means a person engaged in the business of banking** and includes a savings bank, savings and loan association, credit union, and trust company. UCC 1-201

4. **Bearer** - means the **person in possession of a bill or note which is payable to bearer.** Bearer means a person in possession of a **negotiable instrument**, **document of title**, or **certificated security** that is **payable to bearer** or indorsed in blank. Bills of Exchange Act 1882; UCC 1-201

5. **Bill** - A bill means a bill of exchange. Bills of Exchange Act

6. **Certificate of Deposit** - A **written acknowledgment** by a bank or banker **of a deposit with promise to pay to depositor**, to his order, or to some other person or to his order, Wheelock v. Cantley, 227 Mo.App. Abank's promissory note, Dickenson v. Charles, 173 Va. 393; Black's Law 4th Ed.

7. **Check** – A check is a bill of exchange drawn on a banker payable on demand. Bills of Exchange Act; UCC 3-104

8. **Contract** – A promise or set of promises for the breach of which the law will enforce. Arthur L. Corbin on Contracts, One Vol. Ed., Ch. 1 §3

9. **Coupon** - Interest and dividend **certificates**; also those parts of a **commercial instrument** which are to be cut, and which are **evidence** of **something connected with the contract** mentioned in the instrument. They are generally attached to **certificates of loan**, where the interest is payable at particular periods, and, **when the interest is paid, they are cut off and delivered to the payer**. Wharton. Toon v. Wapinitia Irr. Co., 117 Or. 374, 243 P. 554, 556.

10. **Corporation** - An artificial person or legal entity created by or under the authority of the laws of a state or nation, composed, in some rare instances, **of a single person and his successors**, being the incumbents of a particular **office**, but ordinarily consisting of an association of numerous individuals, who subsist as a body politic under a special denomination, **which is regarded in law as having a personality and existence distinct** from that of its several members, and which is, by the same authority, vested with the capacity of continuous succession, irrespective of changes in its membership, either in perpetuity or for a limited term of years, and of **acting as a unit or single individual in matters relating to the common purpose of the association, within the scope of the powers and authorities conferred upon such bodies by law.** Dartmouth College v. Woodward, 4 Wheat. 518, 636, 657, 4 L.Ed. 629; U. S. v. Trinidad Coal Co., 137 U.S. 160, 11 S.Ct. 57, 34 L.Ed. 640; Henry Campbell Black, M.A. Black's Law 4th Ed.

11. **Curtesy** - The estate to which by common law a man is entitled, on the death of his wife, in the lands or tenements of which she was seised in possession in fee-simple or in tail during her coverture, provided they have had lawful issue born alive which might have been capable of inheriting the estate. It is a freehold estate for the term of his natural life. 1 Washb.Real Prop. 127; 2 BL Comm. 126; Co.Litt. 30a

12. **Public Corporation** - **A public corporation is one created by the state for political purposes and to act as an agency in the administration of civil government, generally within a particular territory or subdivision of the state, and usually invested, for that purpose, with subordinate and local powers of legislation**. These are also sometimes called "political corporations." Goodwin v. East Hartford, 70 Conn. 18, 38 A. 876; Dean v.

Davis, 51 Cal. 409; Ten Eyck v. Canal Co., 18 N.J. Law, 200, 37 Am.Dec. 233; Murphy v. Mercer County, 57 N.J.Law, 245, 31 A. 229; Black's Law 4th Ed.

13. <u>Credit</u> - The correlative of a debt; that is, a debt considered from the creditor's standpoint, **or that which is incoming or due to one**. Mountain State Motor Car Co. v. Solof, 97 W.Va. 196. **Claim or cause of action for specific sum of money**. Richard v. American Union Bank, 204 N.Y.S. 719, 722, 123 Misc.Rep. 92; Black's Law 4th Ed.

14. <u>Creditor</u> - A person **to whom a debt is owing by another person** who is the "debtor." Woolverton v. Taylor Co., 43 Ill.App. 424. **One who has a right to require the fulfillment of an obligation or contract**. Mohr v. Minnesota Elevator Co., 40 Minn. 343. **One to whom money is due**, and, in ordinary acceptation, has reference to financial or business transactions. Black's Law 4th Ed.

15. <u>Ens Legis</u> – The being of the law (Google Translate, Lat.). **A creature of the law; an artificial being, as contrasted with a natural person. Applied to corporations**, considered as deriving their existence entirely from the law. Black's Law 4th Ed.

16. <u>Indorsement</u> – means **a signature**, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made **on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument**, but **regardless of the intent of the signer**, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances **unambiguously indicate that the signature was made for a purpose other than indorsement.** UCC 3-204

17. <u>Instrument</u> - means a **negotiable instrument**. An instrument is a **note if it is a promise** and is **a draft if it is an order**. UCC 3-104

18. <u>Note</u> – A note means a promissory note. Bills of Exchange Act

19. <u>Order</u> – means **a written instruction to pay money signed** by the person giving the instruction. UCC 3-103 (8)

20. <u>Payment</u> - The fulfilment of a promise, **or the performance of an agreement**. In a more restricted legal sense payment is the **performance of a duty, promise, or obligation, or discharge of a debt or liability, by the delivery of money or other value by a debtor to a creditor, where the money or other valuable thing is tendered and <u>accepted as extinguishing debt</u> or obligation in whole** or in part. **Also the money or other thing so delivered.** Root v. Kelley, 39 Misc. 530, 80 N.Y.Supp. 482; Moulton v. Robison, 27 N.H. 554.

21. <u>Principal</u> – **The source of authority or right;** the capital sum of a debt or obligation, as distinguished from Interest or other additions to it. Christian v. Superior Court, 122 Cal. 117, 54 P. 518. **The corpus or capital of an estate** in contradistinction to the income; "income" being merely **the <u>fruit of capital</u>,** Carter v. Rector, 88 Old. 12, 210 P. 1035, 1037, which, for the purposes and record of <u>this loyal Case</u>, is YURI COUTO, YURI J COUTO, YURI JACINTHO COUTO, Yuri Couto, Yuri Jacintho Couto, Yuri J Couto, Mr. Yuri Couto, Mr. Couto, or any derivatives thereof.

22. <u>Securities</u> - Evidences of **obligations to pay money** or of **rights** to participate in **earnings and distribution of corporate, trust, and other property**. Oklahoma-Texas Trust v. Securities and Exchange Commission, C.C.A.10, 100 F.2d 888, 890.

23. **Settle** – Parties are said to settle an account when they go over its items and ascertain and agree upon the balance due from one to the other. And, when the party indebted pays such balance, he is also said to settle it. M. Zimmerman Co. v. Goldberg, 69 Pa. Super. Ct. 254, 255; State Bank of Stratford v. Young, 159 Iowa, 375, 140 N.W. 376, 380

24. **Sign** - To "sign" is merely to **write one's name** on paper, **or declare assent or attestation by some sign or mark**, and does not, like "subscribe," require that one should write at the bottom of the instrument signed. Sheehan v. Kearney, 82 Miss. 688, 21 So. 41, 35 L.R.A. 102;

## Section B: Facts

Plaintiff states the following for the record:

1. Defendant has thus far failed to prove any agency on behalf of the Defendant for administration in this action. Any assumed agency of any alleged agent for the Bank is hereby challenged for lack of authority.

2. Plaintiff is the creditor and not the debtor in this matter.

3. Plaintiff has paid and performed in full all contractual obligations, including payment for the account.

4. The Bank has received payment in form of Plaintiff's Application for United States notes ("dollars") for Plaintiff's Account which was delivered to and accepted by the Bank for deposit. The value of the Application instrument, plus interest, is owed to the Principal.

5. The interest on the Plaintiff's Application note is that which is approved by the drawer or maker (synonymous in this case), being namely the Plaintiff, who issued the Application.

6. Bank is acting as trustee for Plaintiff's funds, as is stated in Plaintiff's multiple documented letters of instruction, but has breached such fiduciary duties.

7. Regarding the relief sought:

    a. Plaintiff approves for the auto loan note the annual interest rate of 573,000%.

8. Plaintiff's Service of process was completed to the Defendant by third-party process server pursuant to Fed. R. Civ. Proc. Rule 4(a)(1)(E) **which notified the defendant that a failure to appear and defend will result in a default judgment against defendant for the relief demanded in the Complaint**; which was signed by the clerk and bore the court's seal.

**Section C: Law and Assessments**

1. UCC 3-603 TENDER OF PAYMENT

2. **BREACH OF CONTRACT:**

    (1) Defendant has existing contracts with Plaintiff, and is holding custody of Principal's investments and equity. (2) Such contracts have obligations due on both parties. (3) Plaintiff has performed his own contractual obligations by delivery of value to Defendant for account settlements or loans. **(4) Defendant breached contract by not applying Principal's payments to Principal's accounts,** as evidenced in Exhibit P-1 of the Complaint, which **(5) Damaged Plaintiff by the following way:**

3. **DAMAGES AND RELIEF:**

    Denying Plaintiff's credit for a purchase that Plaintiff critically needed to make, namely the purchase of an automobile for transportation, when Plaintiff was experiencing similar breaches of contract with other banks and credit card companies denying Plaintiff his credit, **which ultimately resulted in Plaintiff having to borrow the <u>personal vehicles of others,</u>** and created a lack of liberty and independence that is Plaintiff's right as an American person.  **However, for the purpose of resolution of this claim** the relief is determined to be **<u>$20,000,000,000 (twenty billion dollars) delivered to Principal's Checkings Account</u>.**

4. **FEDERAL RESERVE ACT**

    All orders (checks and bills) and promises to pay (notes) are exchangeable dollar-for-dollar for federal reserve notes pursuant to Section 16, Federal Reserve Act.

<u>Section D: Affidavit</u>

I, Yuri-Jacintho: Couto, an agent representing the Plaintiff *pro se*, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| <u>/s/ Couto, Yuri-Jacintho, Agent without prejudice</u><br>YURI J COUTO<br>9302 N 28th St<br>Tampa, FL 33612<br>Hillsborough County<br>813-846-2395<br>Yuric96@yahoo.ca | <u>Date: January 9, 2024</u> |

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that this document has been served upon the Defendant as required by the FRCP. Service to Defendant is made by mailing of motion documents by USPS first class mail, or electronic pdf mail of the digital versions of the same to attorney's service email address of record.

| | |
|---|---|
| 1/9/2024 | /s/ Couto, Yuri-Jacintho: Agent |
| Dated | Plaintiff's Signature |

YURI J COUTO
9302 N 28th St, Tampa, FL 33612, Hillsborough County
813-846-2395
Yuric96@yahoo.ca